UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOLAN JAY BUSH,

    Petitioner,

v.

RONALD DAVIS,

    Respondent.

Case No. 20-cv-01254-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 11

## INTRODUCTION

Petitioner Nolan Jay Bush seeks federal habeas relief under 28 U.S.C. § 2254 from the state's denial of his request to be resentenced under new state laws. He is not eligible for resentencing. Moreover, the state's denial of his request presents a state law claim, which cannot constitute grounds for federal habeas relief. Both reasons require that I dismiss Bush's petition for failure to state a claim for relief.

## BACKGROUND

Pursuant to a plea agreement, on June 30, 2017, Bush pleaded guilty in the Sonoma County Superior Court to charges of robbery of an inhabited dwelling, fleeing a peace officer's vehicle while driving recklessly, and possession of a firearm by a felon. (Pet., Dkt. No. 1 at 1-2.) He also admitted the truth of a five-year sentencing enhancement allegation for having a prior serious felony conviction. (*Id.*) A sentence of 10 years and four months was imposed. (*Id.*) He did not appeal. (*Id.* at 3.) His conviction became final and unappealable on August 29, 2017, sixty days after the superior court rendered judgment. *See* Cal. Rules of Court, rule 8.308.

Then the law changed. In September 2018, California Senate Bill 1393 (SB 1393) was signed into law, amending Cal. Penal Code §§ 667(a) and 1385(b) to "allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes." *People v. Garcia*, 28 Cal. App. 5th 961, 971 (Cal. Ct. App. 2018). It applies

1  retroactively to cases not yet final on the statute's effective date of January 1, 2019. *Id.* at
2  971-72; *People v. Dearborne*, 34 Cal. App. 5th 250, 268 (Cal. Ct. App. 2019).
3        In August 2018, Bush petitioned the superior court to strike his five-year
4  enhancement pursuant to SB 1393. (Pet., Dkt. No. 1 at 3.) The court denied the petition.
5  (*Id.*) The trial court's authority to modify a sentence had expired 120 days after the
6  original sentencing; his appeal of that decision was dismissed because the superior court's
7  order was not appealable. (*Id.* at 4; Mot. to Dismiss (MTD), Appellate Court Order, Dkt.
8  No. 11 at 29.) Bush then filed a habeas petition in the state supreme court, which denied it.
9  (Pet., Dkt. No. 1 at 4.) This federal habeas petition followed.

## STANDARD OF REVIEW

A federal district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

## DISCUSSION

Bush's claim is that the state courts violated his right to due process when they failed to resentence him under SB 1393. This does not state a claim for federal habeas relief.

Fundamentally, Bush is not eligible for resentencing. His convictions became final in 2017, well before the effective date of the statute, January 1, 2019. Because he is not eligible under state law, the state court's denial did not violate any federal due process right.

2

1    Bush contends without authority that the statute is unconstitutional because it does
2    not apply retroactively to him. (Traverse, Dkt. No. 12 at 5-14.) The California state cases
3    he cites are examples where California courts have found that certain state statutes must
4    apply retroactively under certain circumstances. He contends that these state courts were
5    correct, and that the state courts who denied him relief were wrong. Had they followed the
6    reasoning and analysis of these prior California cases, his argument goes, they would have
7    found that SB 1393 applied retroactively. This argument lacks merit. The cases he cites
8    do not address SB 1393. Moreover, a state court's interpretation of state law binds a
9    federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). This
10   means that this federal habeas court is bound by the interpretation of SB 1393 in the
11   decisions of the state courts who denied Bush's petitions, even if their interpretation of
12   state law were, in petitioner's opinion, incorrect.
13   Bush's citations to federal authority do not help. The Ninth Circuit cases Bush cites
14   merely repeat bedrock federal habeas principles. (Traverse, Dkt. No. 12 at 5-6.) The out of
15   circuit cases he cites are not binding here even if they were relevant. His citation to a U.S.
16   Supreme Court case, *Dorsey v. United States*, 567 U.S. 260 (2012) does not apply. There,
17   the Court held that the Fair Sentencing Act applied retroactively to persons who committed
18   their acts before the effective date of the statute and were sentenced *after* the effective
19   date. (*Id.* at 280-81.) This is not Bush's situation because he was sentenced *before* the
20   effective date of SB 1393. Furthermore, if SB 1393 were adjudged unconstitutional, it
21   would be unenforceable and no one, including Bush, would be able to benefit from it.
22   Critically, even if Bush were eligible under SB 1393, his claim would still fail
23   because it involves a matter of state law and is not cognizable on federal habeas review.
24   The United States Supreme Court has held that violations of state law, including state
25   sentencing law, are not remediable on federal habeas review, even if state law was
26   erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 218-20 (2011).
27   That has long been the rule in this Circuit. *See Souch v. Schaivo*, 289 F.3d 616, 623 (9th
28   Cir. 2002) (no federal habeas claim lies on grounds that state misapplied its own

1  sentencing laws); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (state
2  sentencing errors are "not within the purview of federal habeas corpus."); *Miller v.*
3  *Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) ("Whether assault with a deadly weapon
4  qualifies as a 'serious felony' under California's sentence enhancement provisions is a
5  question of state sentencing law.")

Finally, federal district courts have rejected SB 1393 sentencing claims for failure to state a cognizable federal habeas claim. *See Burchett v. Martel*, No. 2:19-cv-04535-DSF (AFM), 2020 WL 1847131, at *2, *report and recommendation adopted by* 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020) (petitioner's allegations regarding S.B. 1393 involve an alleged misapplication of state law and "[a]s such, they fail to state a cognizable federal claim."); *O'Neil v. Burton*, No. 2:18-cv-0858 KJM AC P, 2019 WL 6915690, at *2, *report and recommendation adopted by* 2020 WL 363352 (E.D. Cal. Jan. 22, 2020) ("petitioner's effort to obtain the benefit of California Senate Bill 1393 implicates state law only," and therefore federal habeas relief is unavailable); *McKinney v. Pfeiffer*, No. 5:19-cv-01106-JAK-SHK, 2019 WL 5686334, at *3, *report and recommendation adopted by* 2019 WL 5683471 (C.D. Cal Oct. 24, 2019) (petitioner's citation to SB 1393 is a state law claim for relief and therefore is excluded from federal habeas review).

For these reasons, Bush's petition lacks merit.

## CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. (Dkt. No. 11.) The petition is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability in the Ninth Circuit Court of Appeals.

The Clerk shall terminate all pending motions, enter judgment in favor of

1 | respondent, and close the file.

2 | **IT IS SO ORDERED.**

3 | **Dated:**  December 1, 2020



WILLIAM H. ORRICK
United States District Judge